# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARYN PECORELLA-FABRIZIO, and** | : | **No. 3:08cv348** |
| **ANDREW FABRIZIO,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHRISTOPHER BOHEIM,** | : | |
| **individually and in his official** | : | |
| **capacity, and** | : | |
| **POCONO MOUNTAIN REGIONAL** | : | |
| **POLICE DEPARTMENT,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are defendants' motions to dismiss plaintiffs' complaint (Doc. 8, 10).  Having been fully briefed, the matters are ripe for disposition.

## Background

This case arises out of a dispute between plaintiffs, who own a pet grooming business, and Bonnie D'Angelo, an independent contractor who formerly worked at their business.  (Complaint (hereinafter "Cmplt.") Doc. 1 at ¶¶ 8-9).  According to the plaintiffs' complaint, they terminated D'Angelo's employment at Kozy Nozes Pet Grooming & More ("Kozy Nozes") on December 31, 2007 after discovering D'Angelo stealing blank pay stubs.  (Id. at ¶ 11).  D'Angelo had previously asked plaintiffs to falsify pay stubs to bolster a personal injury claim, a request the plaintiffs rebuffed. (Id.).  After terminating D'Angelo's employment, Plaintiff Caryn Pecorella-Fabrizio

called the alarm company that provided security for her business to inform them that D'Angelo no longer worked for the store. (Id. at ¶ 12). Pecorella-Fabrizio also directed the company to deactive D'Angelo's security entry code and to change all entry codes at Kozy Nozes.

Plaintiff Pecorella-Fabrizio informed D'Angelo that she should come to Kozy Nozes to pick up her pet grooming equipment when the store was open. (Id. at ¶ 13). On January 3, 2008, during a time when the store was closed, D'Angelo returned to the store. (Id. at ¶ 14). Defendant Christopher Boheim, employed as a police office with the Defendant Mount Pocono Regional Police Department, accompanied D'Angelo to Kozy Nozes. (Id.). Kozy Nozes was closed for business and the premises locked when D'Angelo and Defendant Boheim arrived. (Id.). Neither Pecorella-Fabrizio nor Plaintiff Andrew Fabrizio, co-owner of the store, were present when the two arrived. (Id.).

The burglar alarm at Kozy Nozes went off when D'Angelo attempted to enter the store. (Id. at ¶ 15). The security company called Defendant Mount Pocono Regional Police Department. (Id. at ¶ 16). Defendant Boheim received this call and informed the security company that the Police Department was already on the scene. (Id. at ¶ 17). The security company informed Boheim that D'Angelo had been fired and that if her entry code did not work, she was not allowed to enter the building. (Id. at ¶ 18). When Boheim discovered that D'Angelo's entry code did not allow her access, he told the security company that he would take responsibility for

2

allowing D'Angelo to enter the building.  (Id. at ¶¶ 19-20).  Boheim then entered Kozy Nozes with D'Angelo and without permission from plaintiffs, the business's owners.  (Id. at ¶ 20).  Boheim likewise lacked a warrant to search the premises, and lacked the exigent circumstance required to make a warrantless entry.  (Id. at ¶¶ 21-23).

Once she entered Kozy Nozes, D'Angelo stole numerous pieces of equipment that were the plaintiffs' property.  (Id. at ¶ 24)   D'Angelo also took cash from the business.  (Id.).  Defendant Boheim observed D'Angelo abscond with this property and did nothing to intervene.  (Id.).  Indeed, Boheim assisted D'Angelo in carrying two dog grooming tables from the property.  (Id. at ¶ 25).  Plaintiffs contend that D'Angelo stole these tables from them.  (Id.).  This stolen property limited the amount of business plaintiffs could do, since they could book fewer appointments because they had less space on which to work.  (Id. at ¶ 26).  Plaintiffs experienced a substantial loss of income as a result.  (Id.).  Plaintiffs allege that Defendant Boheim "acted willfully deliberately and with conscious disregard for Plaintiffs' constitutional and statutory rights" in assisting D'Angelo in her theft of their property.  (Id. at ¶ 27).

On February 25, 2008, plaintiffs filed the instant five-count complaint.  Count I, brought pursuant to 42 U.S.C. § 1983, alleges that Defendant Boheim violated plaintiffs' right to be free from unlawful searches and seizures pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.  Count II alleges that Defendant Boheim violated plaintiff's rights under the Fifth and Fourteenth

3

Amendments by depriving them of their property without due process of law.  Count III accuses Defendant Boheim of denying plaintiffs of their procedural due process rights under the Fourteenth Amendment.  In Court IV, plaintiffs allege that Defendant Pocono Mountain Regional Police Department violated their rights by failing to train officers not to make warrantless searches or assist private citizens in committing crimes and circumventing the judicial process, and by failing to discipline police officers who violate rights.  Count V raises state law claims for negligence, trespass, conversion and unlawful search and seizure against both defendants.  Plaintiffs contend that the Defendant Police Department is liable to them under a *respondeat superior* theory.  As relief, plaintiffs seek compensatory and nominal damages, punitive damages and attorney's fees and costs.

On April 29, 2008, defendants filed the instant motions to dismiss.[1]  The parties then briefed the motions, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, we  have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We have jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In

---

[1]Defendants filed two motions to dismiss.  Defendant Boeheim filed a separate motion to dismiss addressing the claims raised against him in his individual capacity (Doc. 8).  Defendant Pocono Mountain Police Department's motion to dismiss that also included claims raised against Defendant Boeheim in his official capacity (Doc. 10).

any civil action of which the district courts have original jurisdiction, the district courts

shall have supplemental jurisdiction over all other claims that are so related to claims

in the action within such original jurisdiction that they form part of the same case or

controversy under Article II of the United States Constitution.").

**Legal Standard**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are

tested.  The issue is whether the facts alleged in the complaint, if true, support a

claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court

must accept as true all factual allegations in the complaint and give the pleader the

benefit of all reasonable inferences that can fairly be drawn therefrom, and view

them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist.,

132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendants raise several grounds in their motions to dismiss.  We will address

them in turn.

### a.  Official Capacity Claims

Defendants argue that the claims against him in his official capacity should be

dismissed, since those claims are duplicative of the claims against the Pocono

Mountain Regional Police Department.  Plaintiffs do not respond to this argument.

Since Defendant Boheim correctly states the general rule, the court will grant the

motion to dismiss on this point.  See, e.g., Hafer v. Melo, 502 U.S. 21, 25 (1991)

(holding that "[s]uits against state officials in their official capacity . . . should be treated as suits against the State.").

**b.  Fifth Amendment Claims**

Defendant Boheim also argues that plaintiffs' claims under the Fifth Amendment in counts II and IV should be dismissed, since such claims can be brought only against the federal government, not against a state agency or employee.  Since the plaintiffs do not complain of any federal government action, Defendant contends, any claims pursuant to the Fifth Amendment should be dismissed.

The court will grant the defendants' motion to the extent that it seeks to dismiss plaintiffs' Fifth Amendment due process claims, as those claims are more properly brought against state officials pursuant to the Fourteenth Amendment.  See, e.g., Mendez v. Bolton, 739 F.2d 15, 18 n.1 (1st Cir. 1984) (holding that "Defendants' actions that could be fairly attributable to the federal government would constitute government action for Fifth Amendment purposes.  Defendants' actions fairly attributable to state or local government would constitute state action under § 1983 and the Fourteenth Amendment.).  At the same time, however, "[t]he standards for determining the existence of federal or state action are identical."  Id.  Since plaintiffs have alleged a deprivation of their rights to due process of law pursuant to the Fourteenth Amendment in both Count II and Count IV, the court will not dismiss those counts entirely.

### c. Procedural Due Process

Count III raises a procedural due process claim against Defendant Boheim.

Boheim argues that plaintiffs' procedural due process claim brought pursuant to the

Fourteenth Amendment should be dismissed.  He argues that the claim here does

not sound in procedural due process because plaintiff does not point to any

particular procedural deficiencies in the way that plaintiffs were deprived of their

property.

A Fourteenth Amendment due process claim requires a two-part analysis

"inquiring (1) whether 'the asserted individual interests are encompassed within the

fourteenth amendment's protection of 'life, liberty, or property'; and (2) whether the

procedures available provided the plaintiff with 'due process of law.'" Alvin v. Suzuki,

227 F.3d 107, 116 (3d Cir. 2000) (quoting Robb v. City of Philadelphia, 733 F.2d

286, 292 (3d Cir. 1984)).   In cases where the plaintiff alleges that process was

insufficient, the court must "look to the private interest, the governmental interest,

and the value of the available procedure in safeguarding against erroneous

deprivation."  Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 421 (3d

Cir. 2000).  This process is context-specific, and "'calls for such procedural

protections as the particular situation demands.'" Id. (quoting Greenholtz v. Inmates

of Nebraska Penal and Corr. Complex, 442 U.S. 1, 12-13 (1979)).   The court finds

that plaintiffs have stated a procedural due process claim.  The claim alleges that

defendant Boeheim assisted in the recovery of material that belonged to plaintiffs

without obtaining a warrant or any sort of permission to gain in that activity.  Making all inferences in the plaintiffs' favor, the complaint therefore alleges plaintiffs were deprived of their property without any process at all.  While discovery may reveal that plaintiffs received all of the process they were due under the circumstances or that Defendant Boehaim enjoys some form of immunity from these claims, the court finds that plaintiffs have stated a claim on this matter.  The motion to dismiss will be denied on this point.

### d.  Failure to Train

Defendant Pocono Mountain Regional Police Department seeks dismissal of Count IV of the complaint–the only count raised against that defendant.  The police department points out that plaintiffs' complaints concern the failure of the department to provide proper training to officers.  Despite the fact that such failure-to-train claims sound in substantive due process, the Defendant Police Department points out that plaintiffs raise them as procedural due process claims.  Moreover, defendant argues that plaintiffs have not pointed to any specific training that caused their injuries, but instead makes only conclusory allegations.  As such, defendant argues that these claims should be dismissed.

When a plaintiff asserts liability on the basis of a failure to train,[2] "[a] plaintiff

---

[2]While the court agrees that plaintiffs should have pled these claims as substantive rather than procedural due process claims, the court will not grant the motion to dismiss on this point, but will instead consider whether plaintiff has stated a due process claim for failure to train.  The Federal Rules of Civil Procedure "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept

pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations occurred." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).   The Third Circuit Court of Appeals has noted that "liability" for failure to train "could be imposed 'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988).  In Colburn, the Court concluded that plaintiff's allegations "that defendants had a custom of inadequately monitoring the jails for potential suicides" properly stated a failure-to-train claim against a prison but that an allegation that a failure "to train police officers . . . in proper search techniques" did not.  Id. at 673.  That case concerned a prison suicide where the decedent had secreted a handgun in her clothing and searches at the jail failed to discover it.  Id. at 665.

Here, the allegations argue that the defendant police department lacked proper training for police officers in securing authority to enter a building and obtain property.  According to the complaint, then, defendant did not provide Officer Boheim

---

the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957).

with training that taught him he lacked authority to enter a building unless in possession of a search warrant or some other legally valid excuse.  The training that the defendant police department failed to provide, the complaint contends, was training that a police officer cannot simply accept the claims of a non property-holder to a right of entry, as a well as a right to seize property.  While the facts may demonstrate that such training existed or was unnecessary, at this point in the litigation plaintiffs' allegations are sufficient to survive a motion to dismiss.  The court will deny the motions on this point.

### e. Intentional Infliction of Emotional Distress

Defendant Boeheim argues that the court should dismiss plaintiff's claims for intentional infliction of emotional distress because the facts as alleged do not support such a claim.  Plaintiffs respond by contending that they do not raise a separate claim for intentional infliction of emotional distress, but instead merely seek damages for the emotional harm caused by defendants' actions.  As the plaintiffs appear to agree that they cannot make out a claim for intentional infliction of emotional distress, the court will grant the motion to dismiss.  To the extent that plaintiff alleges such claims, they are dismssed.[3]

**Conclusion**

As stated above, the defendants' motions to dismiss will be granted in part

---

[3]Neither defendant appears to challenges plaintiff's state-law claims raised in Count V.  Regardless, plaintiffs can recover for emotional distress pursuant to Section 1983.

and denied in part.  Defendant Pocono Mountain Police Department's motion to

dismiss will be granted as it pertains to any claims against Defendant Boeheim in his

official capacity and claims pursuant to the Fifth Amendment, and will be denied in

all other respects.  Defendant Boeheim's motion will be granted with respect to

claims against him in his official capacity and with respect to the Fifth Amendment

and denied in all other respects.  To the extent that plaintiffs bring any claims for

intentional infliction of emotional distress, those claims will be dismissed.  As such,

plaintiffs' claims in Counts I and III remain in the case, as do plaintiffs' claims

pursuant to the Fourteenth Amendment in Counts II and IV and the state-law claims

in Count V.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARYN PECORELLA-FABRIZIO, and  :  No. 3:08cv348
ANDREW FABRIZIO,               :
           **Plaintiffs**    :  (Judge Munley)
                             :
        **v.**                :
                             :
CHRISTOPHER BOHEIM,            :
individually and in his official  :
capacity, and                  :
POCONO MOUNTAIN REGIONAL       :
POLICE DEPARTMENT,             :
           **Defendants**    :

## <u>ORDER</u>

**AND NOW**, to wit, this 15th  day of December 2008, Defendant Boeheim's motion to dismiss (Doc. 8) is hereby **GRANTED** with respect to any claims against him in his official capacity and pursuant to the Fifth Amendment and hereby **DENIED** in all other respects.  Defendants Pocono Mountain Regional Police Department's motion to dismiss (Doc. 10) is hereby **GRANTED** with respect to any claims against Defendant Boeheim in his official capacity and pursuant to the Fifth Amendment and **DENIED** in all other respects.   Any separate claims that plaintiffs raise with respect to intentional infliction of emotional distress are hereby **DISMISSED**.

**BY THE COURT:**

12

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**